UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUDGE RAKOFF

07 CV
ECF CASE

FR8 SINGAPORE PTE. LTD.,

Plaintiff,

- against -

ACROMAR, S.A. and RIVERLAKE SHIPPING S.A.,

Defendants.

DEC 12 2007
U.S.D.C. S.D. N.Y.
CASHIERS

**VERIFIED COMPLAINT**

Plaintiff, FR8 SINGAPORE PTE. LTD. (hereinafter referred to as "FR8"), by and through its attorneys, Tisdale Law Offices, LLC for its Verified Complaint against the Defendants, ACROMAR, S.A. (hereinafter referred to as "ACROMAR" ) and RIVERLAKE SHIPPING S.A. (hereinafter referred to as "RIVERLAKE")(collectively referred to as "Defendants") alleges, upon information and belief, as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

2. At all times material to this action, Plaintiff FR8 was, and still is, a foreign company or other business entity organized under and existing by virtue of foreign law with a principal place of business in Singapore.

3. Upon information and belief, Defendant Acromar was, and still is, a foreign corporation or other business entity organized under and existing by virtue of foreign law with a principal place of business in Geneva, Switzerland and was the Charterer of the Vessel GAMMATANK (hereinafter the "Vessel").

4. Upon information and belief, Defendant Riverlake was, and still is, a foreign corporation or other business entity organized and existing by virtue of foreign law with a principal place of business in Geneva, Switzerland.

5. Pursuant to an amended ASBATANKVOY Charter Party with Riders, dated July 12, 2007, Plaintiff chartered the Vessel to Acromar.

6. Certain disputes arose between the parties regarding Defendant Acromar's failure to pay demurrage due and owing to the plaintiff under the charter party.

7. As a result of Acromar's breach of the charter party contract, Plaintiff has sustained damages in the total principal amount of $220,031.77 exclusive of interest, court costs and attorneys fees.

8. Pursuant to the charter party, all disputes arising thereunder involving amounts in excess of $50,000 are to be resolved in English High Court proceedings with English Law to apply.

9. The Plaintiff will soon commence High Court proceedings against Acromar in accordance with the terms of the contract.

10. Despite due demand, Acromar has failed to pay the amounts due and owing under the charter party.

11. Interest, costs and attorneys' fees are routinely awarded to the prevailing party in English court proceedings pursuant to English Law. As best as can now be estimated, FR8 will be entitled to recover the following amounts:

| | | | |
|---|---|---|---|
| | A. | Principal claim: | $220,031.77 |
| | B. | Interest at 6.5% compounded Quarterly for three years | $47,003.62 |
| | C. | Costs and attorneys fees | $50,000.00 |
| **Total** | | | **$317,035.39** |


Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendants have, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees including, but not limited to, ABN Amro, American Express Bank, Bank of America, Bank of New York, Citibank, Deutsche Bank A.G., HSBC Bank USA Bank, J.P. Morgan Chase, Standard Chartered Bank, Wachovia Bank N.A., Societe Generale and/or Barclays Bank which are believed to be due and owing to the Defendants.

23. The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching, *inter alia*, any assets of the Defendants held by the aforesaid garnishee for the purpose of obtaining personal jurisdiction over the Defendants, and to secure the Plaintiff's claim as described above.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendants, citing them to appear and answer under oath all and singular the matters alleged in the Complaint;

B. That since the Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds held by any garnishee, including, but not limited to, ABN Amro, American Express Bank, Bank of America, Bank of New York, Citibank, Deutsche Bank A.G., HSBC Bank USA Bank, J.P. Morgan Chase, Standard Chartered Bank, Wachovia Bank N.A., Barclays Bank, and/or Societe Generale, which are due and owing to the Defendants, in the amount

of **$317,035.39** calculated to date to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C. That this Court recognize and confirm any foreign judgment/award of costs on the claims had herein as a judgment of this Court;

D. That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof; and

E. That the Plaintiff has such other, further and different relief as the Court may deem just and proper.

Dated: December 12, 2007
New York, NY

The Plaintiff,
FR8 SINGAPORE PTE. LTD.,

By: ______________________

Lauren C. Davies (LD 1980)
Thomas L. Tisdale (TT 5263)
TISDALE LAW OFFICES, LLC
11 West 42nd Street, Suite 900
New York, NY 10036
(212) 354-0025 – phone
(212) 869-0067 – fax
ldavies@tisdale-law.com
ttisdale@tisdale-law.com

## ATTORNEY'S VERIFICATION

State of Connecticut )
) ss.: Town of Southport
County of Fairfield )

1. My name is Lauren C. Davies.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an attorney in the firm of Tisdale Law Offices LLC, attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated: December 12, 2007
Southport, CT

Lauren C. Davies

TISDALE LAW OFFICES   Fax:2032541641   Dec 12 2007 13:26   P.01

# EXHIBIT 1

FROM : BNP PARIBAS (SUISSE) SA
FAX : +41.(0)58.212.22.22
TELEX : 412100 BNP CH
SWIFT : BPPBCHGGXXX
GENEVE CH

TO : RIVERLAKE SHIPPING SA
... ...

DATE : 18/09/2007
REF : GHI0000011470373

MTN99 : FREE FORMAT MESSAGE
(20 ) TRANSACTION REF. NB. TR0150143G9X9020
(21 ) RELATED REF TR0150143G9X1100
(79 ) NARRATIVE
RIVERLAKE SHIPPING SA
RUE DU MONT-BLANC 26
.....
.....
.....
FOR INFORMATION ONLY
WE HAVE REMITTED
INSTRUCTING PARTY
RIVERLAKE SHIPPING SA
RUE DU MONT-BLANC 26
GENEVE/CH
VALUE DATE, CURR., AMOUNT
070918 USD 141375,
BENEFICIARY
/0451931048
FFB SINGAPORE PTE LTD
NO 2 BATTERY ROAD
MAYBANK TOWER 22-01
049907//SG
ACCOUNT WITH INSTITUTION
CITIBANK,N.A.
HEX 06-00
300, TAMPINES AVENUE 5
SINGAPORE SINGAPORE
CITISGSGXXX
DETAILS OF PAYMENT
PMT DEMURRAGE INV: CHT07-335, MT: 0
AMANTANK
DETAILS OF CHARGES
SHA
SENDER'S CORRESPONDENT
BNPAUS3NXXX
RECEIVER'S CORRESPONDENT
CITIUS33XXX
(-) END OF MESSAGE
BNP PARIBAS (SUISSE) SA